IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Darryl F. Mills, | ) | Civil Action No.: 3:15-5018-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CarMax, Inc., and CarMax Auto Superstores, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

On December 21, 2015, Plaintiff Darryl F. Mills, ("Plaintiff"), filed this employment discrimination action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for all pretrial handling. On April 26, 2016, following briefing by the parties, the Magistrate Judge prepared and submitted a Report and Recommendation, (The Report), (ECF No. 20), recommending that Defendants' Motion to Dismiss and to Compel Arbitration, (ECF No. 10), be granted. Plaintiff filed a timely Objection to the Report, (ECF No. 22), to which Defendants replied, (ECF No. 23). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and, in particular, the Plaintiff's Objection. The Court concludes that none of Plaintiff's contentions meaningfully counter the core legal conclusions of the Report, including the Magistrate Judge's findings that: (1) Plaintiff's employment as a CarMax associate sufficiently impacted interstate commerce to trigger application of the Federal Arbitration Act ("FAA"); (2) that the signed agreement to arbitrate entered into by the parties was not unconscionable; and (3) that certain oral representations allegedly made to Plaintiff by representatives of the Defendants at the time that Plaintiff signed the agreement to arbitrate are properly excluded from consideration by operation of South Carolina's parole evidence rule. Although Plaintiff maintains in his Objections that a "fraud exception" to the parole evidence rule should permit consideration of the alleged oral representations in this case, *see* ECF No. 22 at pp. 2-3, as Defendants point out in their reply brief, the particular doctrine upon which Plaintiff seeks to rely is a very limited exception that can permit introduction of parole evidence to support a fraud-based cause of action. *See* ECF No. 23 at pp. 2-3. It does not appear to have ever been applied in South Carolina to a situation where a party is merely attempting to invalidate or alter the terms of a contemporaneous written contract.

Based upon all of the foregoing, the Court adopts in substantial part the Magistrate Judge's

Report and incorporates those significant portions of the Report consistent with this Order herein by reference, (ECF No. 20), overruling Plaintiff's Objection. (ECF No. 22). The Court departs from the Report only in that, rather than dismissing the action on this motion, the Court will instead exercise its authority to stay the litigation pending arbitration. Accordingly, Defendants' Motion to Dismiss and to Compel Arbitration, (ECF No. 10), is **GRANTED IN PART** and this action is hereby **STAYED** pending arbitration.

    **IT IS SO ORDERED.**

                                          s/Mary G. Lewis
                                          United States District Judge

Columbia, South Carolina
June 6, 2016